CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 12 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDREW PATRICK WINDSOR, ) | |
| Plaintiff, ) | Civil Action No. 7:05-CV-00207 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Andrew Patrick Windsor, a Virginia inmate proceeding pro se, brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331. In his complaint, Windsor complains that he was placed in the special housing unit ("SHU") for one year without cause and that defendants have refused to process or respond to his complaints related to his confinement in the SHU. As relief, Windsor seeks release from the segregation unit and a transfer to another facility.

After a thorough review of the record, I find that Windsor has failed to state a claim of constitutional magnitude and dismiss his complaint pursuant to 28 U.S.C. §1915A(b)(1).[1]

I.

Windsor alleges that on June 28, 2003, he was placed in the SHU without notice of any hearing or charge and remained there for 10 days. Thereafter he was charged with fighting with another inmate; and, on August 5, 2003 he was convicted of that infraction and was sentenced to serve 30 days in the disciplinary segregation unit, a 27 day loss of good time conduct was imposed, and a disciplinary transfer was recommended. However, after 30 days elapsed, Windsor

---

[1] Although defendants filed a motion for summary judgment, the court finds that plaintiff has failed to raise any claim of constitutional magnitude. Accordingly, the court declines to review the motion or defendants' affidavits submitted in support of that motion.

was not released into general population, but rather was transferred back to the SHU, a housing unit separate from both disciplinary housing and general population. At that time Windsor was advised that he posed a threat to himself and other inmates if he was released back into the general population and that he was being placed in a "pilot program" which required an inmate to be free of any disciplinary charges for a twelve month period following his placement in the disciplinary segregation unit, before he was returned to the general population.

Windsor further claims that while was housed in the SHU, defendants hindered his ability to utilize the prison grievance system and have refused to respond to his complaints regarding his housing in the SHU.

## II.

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(b)(1).

## A.

Windsor claims that his continuing confinement in the SHU and his placement in the "pilot program" are a violation of the due process rights afforded under the Fourteenth Amendment because he has not been charged with or convicted of any disciplinary infraction mandating his continuing confinement in a segregation unit.[2] Although the Fourteenth

---

[2]Windsor made no claims regarding his conviction for fighting with another inmate nor as to his subsequent loss of good time credits. When loss of statutory good time credits or some other liberty interest is at risk, an inmate is afforded certain procedural protections, including the right to advance notice of the proceedings, a written statement of fact as to the evidence relied on, to call witnesses and/or present documentary evidence in his own defense, and to be heard before a fair and impartial tribunal. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). However, as Windsor admits he was given advance notice of the investigation into the charge he was fighting with another inmate, that he was charged with fighting with

2

Amendment does afford prisoners some due process rights, when a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Such confinement is necessarily subject to the broad discretion of those parties managing the jail. Id. However, the confinement does not strip the inmate of all of his liberty interests. Id. "These interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoners's location, variations of daily routing, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston, 946 F.2d at 343. Furthermore, such changes are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Id.

Accordingly, even assuming that Johnson has been placed in a "pilot program," which allows for his continuing confinement in the SHU until he has been infraction free for twelve months, unless this results in a dramatic departure from the conditions contemplated by his original sentence, he is not entitled to relief. Meachum v. Fano, 427 U.S. 215, 223-24 (1976)(finding that a prisoner has no due process right to be housed in any particular facility).

---

another inmate, and that a disciplinary hearing related to the charge was held and, as he not alleged any deficiency in the hearing, I find that he has failed to allege any facts sufficient to raise a due process challenge regarding the hearing and subsequent loss of good time. See Id.

3

And, as changes to an inmate's housing and place of incarceration are the normal and expected results of his criminal conviction, merely being housed in the SHU or any other segregation unit, regardless as to the length of time, does not state a constitutional claim. See Bevarati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997)(finding that inmates have no liberty interest in avoiding confinement in a segregation unit). As a result, Windsor has not shown that he was deprived of any constitutionally-protected liberty interest.

Furthermore, as an inmate is only entitled to procedural protections when a liberty interest is at issue, and as the plaintiff does not possess a liberty interest in avoiding confinement in segregation, Windsor is not entitled to any procedural protections before or while he is confined in a segregation unit. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Therefore, regardless of the fact that he has not been charged with or convicted of any further disciplinary infractions, prison administrators can maintain his current placement in a segregation unit.[3]

To the extent that Windsor's allegations that he has been held in a segregation unit without cause can be construed to assert an Eighth Amendment living conditions claim, such a claim is also without merit. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). On the other hand, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. As a result, in order to state a claim of constitutional significance regarding prison

---

[3]Additionally, the court notes that as Windsor admits that he was housed in the SHU following his conviction for fighting with another inmate, it is clear that he poses a credible security threat to himself, other inmates, and prison officials which may reasonably necessitate his current confinement in a segregation unit.

4

conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While isolation and segregation conditions, and any emotional difficulties plaintiff may have suffered, may be inconvenient and unfortunate, Windsor has not alleged anything to suggest that these conditions violate contemporary standards of decency nor that he has sustained any injury. Therefore, I find that he has failed to state a constitutional claim under the Eighth Amendment. See Mickle v. Moore, 174 F.3d 464, 472 (4th Cir. 1999)(finding that inmate's confinement in a segregation unit for more than three years was not unconstitutional when there was no evidence of a serious or significant physical or emotional injury).

**B.**

Windsor also alleges that he has been denied adequate access to the institutional grievance system and defendants have refused to respond to his complaints regarding his continued confinement in the SHU. Inasmuch as a state grievance procedure does not confer any substantive right upon prison inmates, a prison employee's failure to comply with the state's grievance procedure is not actionable under § 1983. Adams v. Rice, 40 F.2d 72 (4th Cir. 1994). Accordingly, any delay in a response to grievances or to properly process complaints does not raise a claim of constitutional magnitude.

5

## III.

Based on the foregoing, I find that Windsor has failed to allege facts which present a claim of constitutional magnitude. Therefore, I will dismiss the complaint, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

Windsor is hereby advised that the dismissal of this complaint constitutes a third "strike" under 28 U.S.C. § 1915(g).[4] Accordingly, Windsor is further advised that he cannot file any future civil actions without prepayment of the $250.00 fee required for filing civil actions,[5] unless he demonstrates that he is "under imminent danger of serious physical injury." § 1915(g).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

---

[4]Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least two previous civil actions dismissed by the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1915A(b)(1). See Windsor v. B.G. Compton, Warden, U.S.P. Lee Co, et al, Civil Action No. 7:04cv00065 and Windsor v. Mr. Polver, Civil Action No. 7:04cv00413. The court thus finds that plaintiff now has at least three "strikes" within the meaning of 28 U.S.C. §1915(g).

[5] This fee is set by statute. See 28 U.S.C. § 1914(a).

6

**ENTER**: This 12th day of January, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge

7